IN THE

# SUPREME COURT

OF THE

## STATE OF LOUISIANA.

---

# EASTERN DISTRICT:
### BATON ROUGE, AUGUST, 1833.

---

## WILSON *vs.* MUNDAY—ALLEN, INTERVENOR.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE
EIGHTH PRESIDING.

In an action against the drawer of a promisssory note payable to a certain person or to bearer, purchased by the plaintiff at a sheriff's sale, the defendant cannot inquire into the regularity of the proceedings previous to the issuing of the execution under which the sale took place.

In an action against the drawer of a note, he can demand of the plaintiff, if he is not the payee, to show a transfer of the note to him, but this demand is satisfied by evidence which *prima facie* conveys the right and interest of the payee.

If the assignment be voluntary, the transfer in the payee's hand writing is sufficient; and if forced, it suffices that there is judgment, execution and sale according to law.

EASTERN DIS.
*August,* 1833.

WILSON
*vs.*
MUNDAY;
ALLEN,
INTERVENOR.

EASTERN DIS. August, 1833.

WILSON
vs.
MUNDAY;
ALLEN,
INTERVENOR.

A sheriff's sale not made in pursuance of the formalities of the law confers no title on the purchaser.

Choses in action may be sold under a writ of fieri facias, and for this purpose the seizure of them is not required.

The contract of pledge cannot affect third persons, unless proved by authentic act or an act sous seing privé duly registered at a time not suspicious.

The facts are stated in the opinion of the court, delivered by PORTER, J.

The petition states, that the plaintiff was the judgment creditor of one Morgan; that he issued an execution against him; that under the writ the sheriff of East Baton Rouge, seized and sold two certain promissory notes; now, or lately in the possession of William Allen, executed by the defendant, Munday, in favor of the defendant in execution, Morgan, or bearer; and that at the sale thereof the petitioner became the purchaser; that the said notes were given in payment of two negro slaves, and that in the act of sale a mortgage was retained on this property to secure the payment of the notes; and that the slaves are in the possession of the defendant, Munday.

The petition concludes with a prayer that a writ of sequestration may issue against the slaves; that there be judgment against the defendant for the amount of the notes with interest and costs of suit, and that the property mortgaged be seized and sold to satisfy the judgment.

The answer admits the execution of the notes, and the purchase of the slaves, but denies that the sheriff did either actively or constructively seize and sell these notes; that if such a judgment as is set forth in the petition ever was obtained, the writ under it issued improvidently, and all the proceedings under it are null and void; because a previous writ of execution had issued against Morgan to satisfy this judgment, under which two slaves were seized and sold, and purchased by the petitioner for a sum equal to his judgment,

EASTERN DIS.
August, 1833.

WILSON
vs.
MUNDAY;
ALLEN,
INTERVENOR.

and that although it is true, suit was afterwards brought against the plaintiff for these slaves, and he was evicted of them, yet in that suit he called Morgan in warranty and obtained judgment against him for the amount of the first judgment. That by these proceedings and the return of satisfaction on the first writ, the right was lost to sue out a second execution.

Because no actual seizure was made of the notes, and the same belonged to Allen, in whose possession they were.

And, finally, because the sale was informal and contrary to law.

The intervener, Allen, by his petition, claimed one of the notes as his property, and prayed for judgment for its amount.

On these issues the parties went to trial before a jury, who found a verdict in favor of the plaintiff for the amount of one of the notes, and in favor of the intervener for the other. The court gave judgment in pursuance of the verdict, and the plaintiff appealed.

The defendant appealed from so much of the judgment as decreed him to pay the amount of one of the notes to the petitioner.

And the original defendant in execution, Morgan, has also appealed. In his petition he alleges that although not a party to the proceedings below, he is injured by the judgment.

A question of some importance in the cause is presented by a bill of exceptions taken by the refusal of the judge to charge the jury, that the parties resisting the claim of the plaintiff had a right to inquire into the regularity of the proceedings, which preceded the issuing of the writ of execution under which the notes were sold. The judge was of opinion they had not, and in that opinion we concur. It is true the maker of a note when payment is demanded, has a right to call on the plaintiff, if he be other than the payee, to show that the obligation has been transferred to him. But the demand is satisfied when evidence is given which *prima facie* conveys the right and interest of the payee. If the assignment be voluntary the maker has no right to inquire into the consideration, for which it was made, nor can he claim the benefit of objections which are relative to the payee, and

*In an action against the drawer of a promissory note payable to a certain person or to bearer, purchased by the plaintiff at a sheriff's sale, the defendant cannot inquire into the regularity of the proceedings previous to the issuing of the execution under which the sale took place.*

*In an action against the drawer of a note, he can demand of the plaintiff if he is not the payee, to show a transfer of the note to him, but this demand is satisfied by evidence which prima facie conveys the right and interest of the payee.*

EESTERN DIS.
August, 1833.
WILSON
vs.
MUNDAY;
ALLEN,
INTERVENOR.

*If the assignment be voluntary the transfer in the payee's hand writing is sufficient; and if forced it suffices that there is judgment, execution and sale according to law.*

*A sheriff's sale not made in pursuance of the formalities of the law confers no title on the purchaser.*

to which for aught that can be known he may never assent. The same reason exists and the same rule prevails where the assignment is not voluntary, but forced. As in the first case it is sufficient to show that the transfer is executed in the hand writing of the party to whom it is made payable; so in the second, it suffices that there is judgment, execution and sale according to law.

If the sale is not made according to law; that is, in pursuance of the formalities which it prescribes, no legal title is acquired by the purchaser; hence it becomes necessary to inquire whether that which took place here was conducted according to those formalities. The return of the sheriff states, that the advertisement and appraisement were made according to law.' This is *prima facie* evidence these formalities were duly observed. And no proof being offered to contradict the return, we must conclude the sale in these respects was regular. 3 *La. Reports*, 477.

*Choses in action may be sold under a writ of fieri facias, and for this purpose the seizure of them is not required.*

But it is contended, the return offers evidence that one important formality was neglected, namely: seizure by the sheriff of the thing sold. The evidence shows the notes were not in his possession but in that of the interpleader, and that he seized and sold not the notes, but the right of the defendant in execution of them. This, in our opinion, suffices. The objection is drawn from the common law, where *choses in action* were not susceptible of execution. Here they are subject to be sold under a writ of *fieri facias*, and as they are not tangible, the seizure of them cannot be required. The note is not the debt, but the evidence of it.

*The contract of pledge cannot effect third persons unless proved by authentic act or an act sous seing privé duly registered at a time not suspicious.*

There remains for consideration the claim of the interpleader, Allen. The evidence shows to our satisfaction that he was not the owner of the notes in his hands, but that they were placed there as collateral security for a debt, the amount of which does not appear, due to him by the payee. Such a transaction formed the contract of pledge. But such contract can have no effect against third persons, unless it be proved by authentic act, or by an act *sous seing privé*, duly registered at a time not suspicious. 2 *La. Reports*, 366. 3 *ibid*, 528.

It has been contended that such an objection could not be used against the interpleader, because it is not specially averred in the pleadings.   But this argument overloooks the fact, that the intervener must make out a legal right to the property which was in contest between the plaintiff and defendant, and that is not sufficient for him to show a contract available against the pledgor, he must show one available against third persons also.

It is urged that the verdict of the jury being silent as it relates to a mortgage, the court could not supply it by the judgment.   Perhaps so;   and it might form a ground of reversal that the judgment was so rendered.   But as we feel compelled to reverse that judgment on other grounds, we are required to give such a decree as the facts proven demand. We think it is established, that the notes seized and sold were secured by mortgage; the owner of the debt is therefore the owner of the accessary.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered, that the plaintiff do recover of the defendant the sum of eight hundred dollars, with interest from the first day of January, 1831, at ten per centum on the one-half of said sum until paid, and with interest at the same rate from January 1, 1832 until paid on the other half of said sum, with costs in both courts, save those named by the interpleader, which are to be paid by him; and it is further ordered and decreed, that the slaves John and Mary, mortgaged, be sold by the sheriff to satisfy the judgment.